**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIFFANY ROCKELLE SMITH an individual, PIPER ROCKELLE INC. a California corporation. AND PIPER ROCKELLE SMITH A Minor by her parent and guardian TIFFANY Rockelle Smith. <br> Plaintiff, <br><br> v. <br><br> ANGELA SHARBINO, an individual, YVONNE DOUGHER, an individual, MARIA MEKUS, an individual, CARLA HAAS, an individual, JENNIFER BRYANT, an individual, HEATHER TRIMMER, an individual, STEPHENIE AREECO, an individual, TANIA HARRISON, an individual, AMBER CAIN, an individual, and ASHLEY ANNE-ROCK SMITH, an individual. <br> Defendants. | No. 1:22-cv-03642 |

**FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff, TIFFANY ROCKELLE SMITH, an individual,  Plaintiff, PIPER ROCKELLE, INC. ("Plaintiffs"),  and Piper Rockelle Smith, a Minor by and through her parent and guardian, TIFFANY ROCKELLE SMITH, for their Complaint against Defendant(s) ANGELA SHARBINO, an individual, YVONNE DOUGHER, an individual, MARIA MEKUS, an individual,  CARLA HAAS, an individual, JENNIFER BRYANT, an individual, HEATHER TRIMMER, an individual,  STEPHENIE AREECO, an individual, TANIA HARRISON, an individual, AMBER CAIN, an  individual, and ASHLEY ANNE-ROCK SMITH, an individual. ("Defendants")

**NATURE OF THE CASE**

This action arises from Racketeering conduct perpetrated by the Defendants Angela Sharbino et.al.  and each of them through a conspiracy to extort money by making false allegations of sexual abuse against TIFFANY ROCKELLE SMITH in violation of 18 U.S.C. Section 1962 (d). The Defendants conspired and did defame the Plaintiff TIFFANY ROCKELLE SMITH through

1

false allegations. The Defendants, each of them, perpetrated the conspiracy by two or more predicate acts using the wire, and internet, to create and further the conspiracy to defraud and defame and to extort money from the Plaintiff, in violation of 18 U.S.C. Section 1343 Wire fraud Statute.   The Defendants, each of them, conspired to willfully defame, extort, and injure the Plaintiff and her 14-year-old daughter by creating egregious, false allegations of sexual abuse. False allegations that they knew were detrimental enough so that Defendants could attempt to extort money from the Plaintiff. The conspiracy planned by the Defendants, was designed with the sole intent to have the effect of getting Piper, a 14-year-old child demonetized from YouTube and other providers so she could not receive advertising revenue from her postings.  Plaintiff is seeking damages in excess of $10,000,000 (Ten Million) dollars as compensatory damages for lost revenue, additional $10,000,000 (Ten million) dollars for Injury to reputation, additional $10,000,000 (Ten million) Dollars for an interference with prospective advantage, treble damages, and attorney fees for the injury the Defendants caused the Plaintiffs.

## INTRODUCTION

1.     TIFFANY ROCKELLE SMITH is the mother of PIPER ROCKELLE SMITH. Piper is a high-profile internet influencer at the age of fourteen. Piper has created a business that produces internet content, which nets her between $300,000- $500,000.00 a month from advertisers who want to connect with her followers. Piper has 5.2 million followers on Instagram, 9.4 million followers on TikTok, and 9.25 million subscribers on YouTube. The Defendant's children, who were once associated with Piper and jointly created content for their mutual social media accounts together, grew jealous of Piper's success. The Defendants, each of them, created their own enterprises to seek revenue from internet content of their children and conspired and used the internet to bring down Piper and her revenue stream from her internet content.  The Defendants, each of them, used the wire service and internet, Google accounts, to communicate, create, plan, and execute the conspiracy.  What came out of the conspiracy were false allegations against TIFFANY, Piper's mother, of sexual conduct with no

documentation of police reports or sworn affidavits, no medical records, or findings from any agency to substantiate their hearsay claims. The predicate acts of the RICO Conspiracy were numerous starting from text messaging to creating Google accounts to falsifying statements culminating in the filing of false count of a civil lawsuit used to extort money from the Plaintiffs. This affected interstate commerce in two respects, as to PIPER, the 14-year-old, and TIFFANY, they were demonetized from YouTube, meaning she could not get paid by advertisers, as a result of the false allegations, losing revenue from advertisers for her internet content postings. Plaintiff also had multiple venues cancelled for her concert tour, in Chicago, Cincinnati, and London as a direct result of the false and malicious allegations. Piper had a disruption in her revenue stream of **$300,000-$500,000. a month** from YouTube as they cut her off due to the false allegations about her mother, her then manager.   It also affected Interstate Commerce as advertisers could no longer advertise on PIPER's YouTube channel.   Venues where people were employed were canceled or refused to host the event of the Plaintiff.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §1964.  A substantial part of this action arises under the Laws of the United States 28 U.S.C. 1331 involving a Federal Question. The Court has Jurisdiction under 28 U.S.C. 1337 Involving protecting of interstate commerce. The Court has under 28 U.S.C. 1367 Pendent supplemental jurisdictions of the state claims.

3.  Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(a) (2), and (b) (2).  1965 (a), (b). The advertising agencies in Chicago which control numerous brands such as Fast Fill Bunch O' balloons, Mini Brands Gold Rush, Toy Mini Brands, Mini Brands Series 3, P. Lushes, Blingle Bands, Go Glam U-nique Nail Salon, Shimmer Me Body Art, ZURU Mini Fashions, ZURU Mini Toys, and many other brands, were cancelled by the Chicago based advertising agencies as a result of the Defendants actions. The Defendants Racketeering acts effected interstate commerce, causing the Chicago, Illinois Venue, the Plaintiff had a concert in, to

be canceled due to adverse publicity caused by Defendants conspiracy of false allegations.   As a direct and proximate result of the Defendants conspiracy and wrongful action the Venue in London refused to host the concert and the Venue in Cincinnati attempted to pull out of commitment to host the concert of the Plaintiff Piper.  The Defendants wrongful and tortious actions resulted in consequences to interstate commerce in the state of Illinois as mentioned above. The Defendants and each of them have enterprises that conduct business in Illinois through YouTube and internet and seek and have followers in Illinois for which they derive advertising revenue. The Defendants formed an enterprise by their association with named defendants and unnamed persons to commit Racketeering activities as outlined in this complaint to commit wire fraud in violation of 18 USC 1343 which affected commerce in Chicago, Illinois.

## PARTIES

4.      Plaintiff, TIFFANY ROCKELLE SMITH ("Plaintiff") is an individual with her principal place of business in Los Angeles County, California. Plaintiff primarily manages and directs her daughter, Piper Rockelle Smith ("Piper"), who is a dancer, singer, actress, model, and YouTuber on her channel Piper Rockelle – YouTube. Plaintiff is the former CEO and Director of the holdings company Piper Rockelle Inc. ("PRI").

5.      PIPER ROCKELLE SMITH ("Piper" aka "Piper Rockelle") is 14 years old and has created an enterprise as a high-profile internet influencer. Piper Rockelle discovered her love for performing virtually from the time she could walk and began entering beauty pageants by the age of five. Very early on she also displayed a strong passion and talent for dance. In short order, Piper became an accomplished dancer and in addition to her beauty pageant performances, Piper excelled as a competitive dancer and won numerous awards. At the age of nine, Piper discovered the mobile app Musical.ly, (now TikTok), and began uploading videos. In only 11 days TikTok began featuring her performances and she quickly grew a massive fanbase. Piper went on to become a Top 10 TikTok contributor and presently has over 10 million followers on the app. Piper's presence on TikTok very

4

naturally afforded her the ability to transition to other social media platforms, most notably Instagram and YouTube. She is presently recognized as one of the most influential young people on social media. Piper regularly posts videos to her YouTube channel two to three times per week which feature a fun look encompassing all the lifestyle elements of a sassy and talented 14-year-old entertainer. Piper's family friendly YouTube episodes explore first time crushes, challenges, and good-natured pranks, as well as featuring cameos by Piper's real-life family members and friends. Piper's videos also routinely feature her pet pug named Frank Pugan who has generated a substantial social media following of his own. As of May 2022, Piper's YouTube channel has over 1.87 billion views and 9.25 million+ subscribers. Piper also has 9.4 million+ TikTok followers, and 5.2 million+ Instagram followers. Piper's YouTube channel earned between **$300,000 - $500,000 per month** in ad revenue and in addition, Piper was able to further monetize her social media channels with brand deals that would earn her anywhere from **$50,000 - $125,000 per month**. As a direct and proximate result of the fallout from the conspiracy, those two income streams have been put on pause both by YouTube and Brand Sponsorships.

6.     Defendant, ANGELA SHARBINO, ("ANGELA"), an individual with her principal place of business in Los Angeles County, California. ANGLEA primarily manages her son Sawyer Sharbino ("Sawyer") a minor, who is engaged in the enterprise of YouTube influencer on his channel Sawyer Sharbino.  Sawyer has 1.1 million followers on Instagram, 1.27 million subscribers on YouTube, and 908.7K TikTok followers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

7.     Defendant, YVONNE DOUGHER, ("YVONNE") an individual with her principal place of business in Los Angeles County, California. YVONNE primarily manages her son Donald Dougher ("Donald") a minor, in an enterprise who runs a YouTube account, and apparel company, DONALD – YouTube, and FAT CAT by DONALD – Fat Cat Apparel, respectively. FAT CAT is an apparel company with 2,000 followers on Instagram. Donald's personal Instagram has 299K followers,

his TikTok has 267.7K followers. Donald's YouTube channel has 596K subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

8.      Defendant, MARIA MEKUS, ("MARIA") an individual with her principal place of business in Los Angeles County, California. MARIA primarily manages her son Ayden Mekus "Ayden" who as an influencer, and YouTuber on his channel Ayden Mekus – YouTube. Ayden has 1 million followers on Instagram, 9.8 million followers on TikTok, and 1.59 million YouTube subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

9.      Defendant, CARLA HAAS, ("CARLA") an individual with her principal place of business in Los Angeles County, California. CARLA primarily manages her son Hayden Haas ("Hayden") who is engaged in an enterprise YouTube influencer on his channel Hayden Haas Vlogs – YouTube. Hayden has 408K followers on Instagram and 50.3K YouTube subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

10.      Defendant, JENNIFER BRYANT, ("JENNIFER") an individual with her principal place of business in Los Angeles County, California. JENNIFER primarily manages her son Walker Bryant who is engaged in an enterprise as a YouTube influencer on his channel Walker Bryant – YouTube. Walker has 1.1 million followers on Instagram, 1.6 million followers on TikTok, and 883K subscribers on YouTube. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

11.      Defendant, HEATHER TRIMMER, ("HEATHER") an individual with her principal place of business in Los Angeles County, California. HEATHER primarily manages her daughter Sophie Fergie who is engaged in the enterprise of a YouTube influencer on her channel Sophie Fergie – YouTube. Sophie has 2.1 million Instagram followers, 5 million TikTok followers, and 1.6 million YouTube subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

12.     Defendant, STEPHENIE AREECO, ("STEPHENIE") an individual with her principal place of business in Los Angeles County, California. STEPHENIE primarily manages her daughter Corrine Joy ("Corrine") who is engaged in the enterprise as a YouTube influencer on her channel Corrine Joy – YouTube. Corrine has 795K Instagram followers, 987K TikTok followers, and 94.1K subscribers on YouTube. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

13.     Defendant, TANIA HARRISON, ("TANIA") an individual with her principal place of business in Los Angeles County, California. TANIA primarily manages her daughter Symonne Harrison ("Symonne") who is engaged in the enterprise of a YouTube influencer on her YouTube channel Symonne Harrison – YouTube. Symonne has 1.3 million Instagram followers, 3.1 million TikTok followers, and 1.17 million subscribers on YouTube. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

14.     Defendant, AMBER CAIN, ("AMBER") an individual with her principal place of business in Los Angeles County, California. AMBER primarily manages her son Connor Cain ("Connor" aka "Mad Panda") a minor who is engaged in the enterprise as an Instagram influencer and YouTube influencer on his channel Connor Cain - YouTube. Connor has 314K Instagram followers, 162K followers on TikTok, and 265K YouTube subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

15.     Defendant, ASHLEY ANNE-ROCK SMITH, ("ASHLEY") an individual with her principal place of business in Los Angeles County, California. ASHLEY primarily manages her two daughters CLAIRE ROCK-SMITH ("Claire") and REESE ROCK-SMITH ("Reese"). Claire who is engaged in an enterprise of social media influencer, content creator, and YouTube influencer on her channel. Claire has 711K Instagram followers, 13K TikTok followers, and 895K YouTube subscribers. Their enterprise has and seeks to have followers in Illinois to obtain advertising revenue to reach persons in Illinois.

### FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS

16. Piper Rockelle discovered her love for performing virtually from the time she could walk and began entering beauty pageants by the age of 5. Very early on she also displayed a strong passion and talent for dance. In short order, Piper became an accomplished dancer and in addition to her beauty pageant performances, Piper excelled as a competitive dancer and won numerous awards.

17. At the age of 9, Piper discovered the mobile app Musical.ly, (now TikTok), and began uploading videos. In only 11 days TikTok began featuring her performances and she quickly grew a massive fanbase. Piper went on to become a Top 10 TikTok contributor and presently has over 9.4 million followers on the app. Piper's presence on TikTok very naturally afforded her the ability to transition to other social media platforms, most notably Instagram and YouTube.

18. She is presently recognized as one of the most influential young people on social media. Piper regularly posts videos to her YouTube channel two to three times per week which feature a fun look encompassing all the lifestyle elements of a sassy and talented 14-year-old entertainer. Piper's family friendly YouTube episodes explore first time crushes, challenges, and good-natured pranks, as well as featuring cameos by Piper's real-life family members and friends. Piper's videos also routinely feature her pet pug named Frank Pugan who has generated a substantial social media following of his own.

19. As of May 2022, Piper's YouTube channel has over 1.87 billion views and 9.24 million+ subscribers. Piper also has 9.4 million+ TikTok Followers, and 5.2 million+ Instagram followers. Piper's YouTube channel earned between $300,000 - $500,000 per month in ad revenue and in addition, Piper was able to further monetize her social media channels with brand deals that would earn her anywhere from $50,000 - $125,000 per month. As a result of the fallout from the lawsuit, those two income streams have been put on pause both by YouTube and Brand sponsors.

20. Angela Sharbino began the conspiracy in 2021 and forward. See attached **Exhibit A and B**.

21. Angela Sharbino began to conspire with other named defendants in 2021 and forward to demonetize Piper Rockelle's YouTube channel and as her text messages stated to:

"take her down and get her canceled."

See text messages from Angel Sharbino as **Exhibit A.**

22. Angela Sharbino created a Google Drive link and Email, momvsmith@gmail.com, to conduct conversations about the conspiracy. See Angela Sharbino's affidavit as **Exhibit B.**

23. In furtherance of the conspiracy Angela Sharbino in two predicate acts did the following:

    1. Created a Google drive link. See Angela Sharbino's affidavit as **Exhibit B,** see attached declaration of Caroline Fratacci as **Exhibit C** and affidavit of Ashley Robert's as **Exhibit D.**

    2. Created an email momvsmith@gmail.com, TIFFANY SMITH is the Plaintiff. See Angela Sharbino's Affidavit as **Exhibit B.**

24. The Google Drive link and the email using the Plaintiff, TIFFANY SMITH's, last name was created for the purpose of creating a method of conspiring with others to defame and injure the Plaintiff and to get her daughter, a 14-year-old child who was pulling in between $300,000 - $500,000 a month from advertising demonetized from YouTube, meaning that she received no money for her internet posting's views. See letter from YouTube as **Exhibit E.**

25. Each of the Defendants participated in either the Google Link and or the Email in furtherance of the conspiracy.

26. The use of the internet link, the email, and the text messages for the purpose of conspiring to injure, defame, and cause economic harm to Piper Rockelle and her mother TIFFANY ROCKELLE SMITH was wire fraud within the meaning of 18 U.S.C 1343. The Google Link drive and upon information and belief the momvsmith@gmail.com emails and uploads to the Google drive contained the following: Attached as **Exhibit A** which was authenticated by **Exhibits C & D.** See attached **Exhibit B** in relation to the motion to quash the subpoena, and **Exhibit D, page 2 line 9**.

## THE CONSPIRACY TO DEFRAUD BY USE OF THE WIRE FRAUD IN VIOLATION OF 18 U.S.C. 1343.

27.  The Defendant Sharbino stated:

*"I understand completely but we have to take her down."*
(Referring to TIFFANY Rockelle Smith and her child's enterprise)
*"What can we do to change your mind? Is good people have to stick together…*
*Please just go talk to Harmeet. Will help you tell a story."*
See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

The Response was:
*"I don't have the same stories though. I want to but this is serious."*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**
*"Please trust me. Those stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you."*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

*"We did not experience this sexual stuff so I don't see why this will work. I also don't want to pay 10k."*
(ANY MISSPELLINGS ABOVE ARE THE RESULT OF DIRECT QUOTES ORIGINALLY BEING MISPELLED).
*Please trust me. Those stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you.*
*Will you do it for Theresa then if not Tiffany? She lies constantly why should you care about doing the same.*
*We have to stick together to take down the Rockelles.*

This Text message was contained on a Google Drive Created by Sharbino, which she has admitted to, used in her conspiracy to "Take down the Rockelles."

28.  Upon information and belief, $10,000 was requested by Angela Sharbino from each of the conspirators to bring a baseless complaint against Plaintiff, TIFFANY ROCKELLE SMITH to injure her enterprise which her 14-year-old daughter Piper was engaged in. See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

29.  Upon information and belief, Angela Sharbino stated to the other named Defendants using the Google link and or the Email mentioned above:

*"We will help you. Tell any stories you can think of they'll know how to write it. We have to stick together. We would love to have you on the team. Missed you so much! Can't wait to work together lots!"*
See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

30.  A response was made by one of the Defendants

*"I don't know. I don't like her but this may be crossing the line. These are children we are bringing into this."* See attached text messages as **Exhibit A**.

31. Upon information and belief, Angela Sharbino stated in **Exhibit A**:

    *"That's what is going to get the best reaction. You have to understand. It's for the best, they should not be allowed to be able to keep making all this money. Do g you agree."*
    See attached text message misspelled in the quote.

32  Upon information and belief, Angela Sharbino is conspiring with defendants to lie:

    *"Will you do it for Theresa then if not TIFFANY? She lies constantly why should you care about doing the same?"*

    See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A** (ANY MISSPELLINGS ABOVE ARE THE RESULT OF DIRECT QUOTES ORIGINALLY BEING MISPELLED).

32. The conspiracy was entered into by all named defendants who each paid $10,000 to an attorney to draft and file a complaint against Plaintiff, TIFFANY ROCKELLE SMITH for sexual battery claims. See attached Complaint as **Exhibit F**.

33. This was filed even though the Defendants were informed by the text messages that sexual abuse did not exist and was a serious allegation. See **Exhibit A**.

34. That Angela Sharbino, upon information and belief, stated in the text message that Plaintiff's should not be allowed to keep making all this money, "tell a story we will know how to write it." See **Exhibit A**.

35. These actions effected interstate commerce. See tour venue cancelation emails as **Exhibit G**.

36. As a direct and proximate result of the Defendant's Racketeering actions, the following occurred which caused substantial economic injury to Plaintiff, TIFFANY Rockelle Smith and her 14-year-old daughter Piper Rockelle. To wit:

    A.  A lawsuit was filed under false allegations of Sexual Battery see **Exhibit F**.

    B.  In the suit Angela Sharbino confirmed that she is the owner of, creator and operator of the Google Drive captioned as " momsysmith@gmail.com.

    C.  A concert in Chicago of Piper Rockelle was cancelled due to the false allegations of sexual battery, causing tens of thousands of damages to the enterprise.

11

D.  A concert in Cincinnati and London refused to allow the concert to go in their venue due to the false allegations of the sexual battery. See **Exhibit G.**

E.  Piper Rockelle was demonetized by YouTube, meaning that she no longer could receive advertising revenue for her content postings, losing millions of dollars of proven revenue. See Email from YouTube as **Exhibit E.**

F.  The Effect on interstate and foreign commerce has been profound in that Concert venues employing many people were canceled. See **Exhibit G.**

G.  Advertisers were denied their audience by demonetization of the Piper Rockelle YouTube channel. See **Exhibit E.**

H.  The 14-year-old child Piper Rockelle lost millions of dollars of damages of advertising revenue from YouTube content that she created and appeared in. See **Exhibit E.**

37. As upon information and belief, it was Angela Sharbino who stated the following,

> *"we will make them cancel her and then they can't make money anymore*
> *They should not be allowed to be able to keep making all this money."*
> See **Exhibit A.**

38. This Claim is timely filed and is within the statute of limitations of 4 years.

## COUNT I
## RICO § 1962(c)

39.  The allegations of paragraphs 1 through 38 are incorporated herein by reference.

40.  This Count is against Defendant(s) ANGELA SHARBINO, YVONNE DOUGHER, MARIA MEKUS, CARLA HAAS, JENNIFER BRYANT, HEATHER TRIMMER, STEPHENIE AREECO, TANIA HARRISON, AMBER CAIN, and ASHLEY ANNE-ROCK SMITH. (the "Count-1 Defendant(s)") all of which are ae engaged in competing enterprises that engage in interstate commerce and are association formed to commit RICO acts against the Plaintiff and her 14-year-old daughter.

41.     The enterprise is an association of the Count- I Defendants plus non defendant Caroline Fratacci who used the Google link and Google email to conspire to deprive the 14-year-old Piper of millions of dollars through false allegations against Plaintiff, TIFFANY, Piper's mother, of sexual battery.

42.     The Count-I Defendant(s) agreed to and did conduct in the association's affairs through the Google drive link and Google email that the use of the wire to engage in a conspiracy to bring false allegations against Plaintiff, TIFFANY and thereby injure her 14-year-old daughter was wire fraud in violation of 18 USC. 1343.

43.     The Count-I defendants, each of them, stated Plaintiff TIFFANY and her daughter "They were making too much money and should not be allowed to keep all that money." See **Exhibit A.**

44.     The Count-I Defendants, each of them, conspired to injure and demonetize the Plaintiff's enterprise by bringing a false allegation of sexual conduct against the Plaintiff TIFFANY Rockelle.  The intention of making the false allegations were to get the YouTube to demonetize Piper and deny her of advertising revenue.

45.     Count-I Defendant(s) committed multiple acts of conspiracy to defraud, and to "cancel" Piper a 14-year-old child, through false allegations of sexual battery:

   A.   In that they used the wire in interstate fraudulently in violation of 18 USC 1343.

   B.   That knowing and being put on notice that the allegations were false they decided to make a claim and file a false allegation in a lawsuit with the intention to get to YouTube to apply a demonetization.

   C.   That they set up and used a Google drive link on the interstate wire for the purpose of conspiring on how to stop the Plaintiff from making all that money to cultivate and perfect their conspiracy of fraud in violation of 18 USC 1343.

   D.   That they created a Google Gmail account as mentioned above using the plaintiff's name in it for the purpose of conspiring with others to prevent the Plaintiff from

making money by creating false allegations of sexual abuse to wrongfully cause injury to the Plaintiffs and their enterprise in violation of 18 USC 1343.

46. The acts below set forth in 46 and below constitutes a pattern of racketeering pursuant to 18 U.S.C. § 1962(c).

    A. The Defendants in their association agreed to participate in the enterprise and this participation consisted of the following violations of wire fraud under 18 USC 1343.

    B. In February of 2022 the Defendants retaliated against Ashley Roberts, a Photographer for the Influencers, when they discovered that Ashley Roberts disclosed to Smith that there was a conspiracy to get Smith Demonetized so she could not earn money from You Tube postings. These actions are ongoing. The Defendants used the wires, by phone, text messages and/or posting to a google drive, to encourage and prevent Ashely Roberts from engaging in her business of Photography with influencers and wrongfully, in retaliation, encouraged others not to use her. This action is also on going by the enterprise.

    C. In March of 2022 the Defendants used the interstate wires by calling and texting others not to use Ashley Roberts photography services any longer. The Defendants used the interstate wires to contact people in Chicago and Seattle and other states not to use Ashley Roberts Photography services any longer, thereby spreading false information about Ashley Roberts in violation of 18 USC 1343. These acts are on going by the enterprise.

    D. In September 2020 the Defendant Stephanie Areeco and the Defendants used the wire to conspire to prevent Theresa Magnus, not named in this suit from making money for internet postings. Using the same pattern conduct they did against Smith, they threatened to get her, and her fourteen-year-old son Gavin Magnus's enterprise demonetized, meaning she could no longer receive money from advertisers on their postings on YouTube. The enterprise members threaten to provide information to

14

YouTube that Magnus was a racist in an attempt to get her demonetized so she could no longer earn money on the internet postings.  The Defendants Used the wires in violation of wire fraud under 18 USC 1343, by warning anyone with videos of her son, Gavin Magnus, to take it down or they would be canceled with Gavin by YouTube. These actions are continuing and ongoing.

E.   The Defendants conspired and did contact by interstate wires, by either phone, text message or internet , advertisers and brands throughout the country and the MTV network located in New York.  The Defendants used the wires interstate for fraud in violation of 18 USC 134.  This was done by the Defendants in a ongoing campaign to get the advertisers and brands to cease doing business with the Plaintiffs on YouTube as a result of fraudulent allegations consisting of Sexual Battery.  Haymaker and Universal which are located in New York. And are brands that canceled the Plaintiff. As a direct and proximate result of the conspiracy and false allegations of sexual battery brands and advertisers ceased doing business with the Plaintiffs.  The MTV, located in New York, show was cancelled for this sole reason of the allegation of Sexual battery.

F.   In April 2021 the Defendants conspired with enterprise member Caroline Fratacci, not named in this suit, to ruin and cause damage to the Plaintiffs.  Caroline Fratacci did this by using the interstate wires to make a false claim of Sexual Battery to a minor and to encourage others to join in the conspiracy to allege a false charge of sexual battery to other minors, in violation of 18 USC 1343.

G.   In March 2021 the Defendant Angela Sharbino used the interstate wires, by phone and text, group chats and her google drive that she admitted to having, to solicit others to make up false allegations against Smith to perpetrate the fraud.  In August 2021 Angela Sharbino contacted a journalist Kieran Press- Reynolds, based in New York, who writes for the national press outlet Insider, with her false allegations of

sexual Battery to minor, in order to solicit Kieran to write a story and publish on the internet globally. It was Kieran Press-Reynolds who admitted to reporting to YouTube the sexual battery to a minor which was a false report, at the request of or as a result of Angela Sharbino and the co-conspirators actions. This happened well before her false allegations contained in the Defendant's complaint. The articles written by Kieran were published and posted to the internet globally in which other news outlets reposted such as Yahoo News and others. This was part of the ongoing conspiracy to get the Smith enterprise Demonetized, so they could not be paid by advertisers, and irreparably damage the Plaintiff reputation. This action constitutes wire fraud and is ongoing. With many such postings on the internet throughout 2022.

H.   In May 2021 Angela Sharbino together with the other Defendants and unnamed participates of the enterprise used the interstate Wires, which is ongoing, in violation of wire fraud 18 USC 1343 in an interstate use of wires, by either phone, text messages or use of a google drive internet to conspire and encourage others to make false allegations about Smith in order to ruin her and prevent the Plaintiffs from making money on the Internet, as more specifically set for in this complaint.

I.   In January 2022 and ongoing, Angela Sharbino and the other members of the enterprise named in this complaint, used the wire to contact numerous venues directly or indirectly by others in the conspiracy to prevent concerts from occurring with Plaintiffs. This was done by use of the interstate wires for dissemination of false allegations made against Smith in order to get the venues in Chicago, London and Cincinnati to cancel Piper's upcoming concerts. All these contacts were by interstate use of the wire for fraudulent purposes in violation of 18 USC 1343. This wrongful action continues and is ongoing.

J.   In June 2021 Angela Sharbino began to use her google drive she admittedly created with Plaintiff Smith name. This Google drive became the means upon which the

Wire was used to create the wrongful conspiracy. The enterprise members named herein, and other enterprise members not named herein conspired to injure the Plaintiffs ability to earn money on the internet by developing and asserting false allegations.  All named defendants and Caroline Fratacci, an enterprise member not named as a Defendant, participated to foster results of a concerted effort to wrongfully damage the Plaintiffs.  The goal of the enterprise was to prevent Plaintiffs from earning money on the internet, YouTube.  This was done by falsely alleging the Smith committed a Sexual battery to a minor.  This conduct with the use of the wires constituted wire fraud in violation of 18 USC 1343.  This action continues and is ongoing.

K.   In April 2021 Defendants encouraged and conspired in having Sophia Trimmer post a video on YouTube using the internet Wire, in violation of 18 USC 1343.  The Video mocked and disparaged the Plaintiffs in front of her house to intimidate SMITH, caused injury to her reputation in the conspiracy which her mother participated in  to extort money from SMITH . This action was a violation of wire fraud under 18 USC 1343.

L.   These reoccurring Racketeering Acts of wire fraud, by their nature is ongoing and will continue into the future, as it is the regular way of doing business by the enterprise of the Defendants and nonnamed participants of the enterprise.

M.  Unless stopped by this court the Plaintiffs will continue to suffer in the future irreparable damage from the enterprise and their actions will continue in the future based upon their pattern of conduct mentioned herein.

47.     As a direct and proximate result of the Count-I Defendant(s) racketeering activities and violations of 18 U.S.C. §1962(c), Plaintiff's TIFFANY and PIPER ROCKEELE have been injured in their business and property in that:

A. A lawsuit was caused to be filed under false allegations of Sexual battery damaging the Plaintiffs reputation. See attached **Exhibit F**.

B. A Piper Rockelle concert in Chicago was cancelled due to the false allegations of sexual battery, causing tens of thousands of damages to the enterprise.

C. Concerts in Cincinnati and London refused to allow Piper Rockelle to perform in their venues due to the disturbing, false allegations of sexual battery.

   See **Exhibit G**.

D. Piper Rockelle was demonetized by YouTube, meaning that she no longer could receive advertising revenue for her content postings, losing Millions of dollars of proven revenue. See attached Email from YouTube regarding Demonetization.

   **Exhibit E.**

E. There was more advertising revenue available for the Defendants at the expense and harm to the Plaintiff's detriment who lost the revenue.

F. The Plaintiff's business and reputation was irreparably damaged.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Count-I Defendant(s) as follows:

A. Compensatory actual damages pursuant to statute and the proofs in excess of the jurisdictional amount believed to be $10,000,000 (Ten million) according to the Proofs.

B. Treble damages according to the proofs in excess of the jurisdictional amount.

C. For Attorney's fees and Court costs; and

D. For such other and further relief as this Court deems equitable and just.

   **JURY TRIAL DEMAND**

The Plaintiffs Demand Trial by jury on all issues so triable.

**COUNT II CONSPIRACY TO VIOLATE Federal Civil Rico 18 U.S. C.  Section 1962 (d).**

48.  The Plaintiffs reallege paragraphs 1-47 of this Complaint as paragraphs 1-47 of this Count II.

49. In violation of 18 U.S.C. 1962 (d), the Count-II Defendants, each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which to include the operation or management of a Rico enterprise through a pattern of racketeering activity as alleged herein.

50. The Conspiracy commenced at least as early as 2021 and is ongoing.

51. The conspiracy purpose was to divert advertising money away from the Plaintiff's enterprise to the various Count-II Defendant's enterprises, by defrauding the Plaintiff's with false allegations of sexual misconduct to demonetize their YouTube and other accounts and to extort the Plaintiff to settle a lawsuit with false allegations.

52. Each Count-II Defendant committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included:

   A.  Created or participated in an internet Google link drive for the purpose of conspiracy to stop Plaintiff's from making money.

   B.  Created or participated within an Email account to converse and plan the conspiracy.

   C.  Each paid $10,000 each to a lawyer to file a false count of sexual battery against TIFFANY Rockelle Smith.

   D.  Consented to, encouraged, and paid for the filing of a false count alleging sexual misconduct by the Plaintiff TIFFANY Rockelle Smith.

53. That the Count-II Defendants knew or should have known and intended that the false allegations would get back to YouTube and that they would take action to demonetize the Plaintiff's account.

54. That YouTube as a foreseeable result of the Count-II Defendants wrongful and tortious actions did demonetize the Plaintiff's YouTube account depriving the Plaintiffs of the income of between $300,000 and $500,000 per month.

55. Even if some of the Count-II Defendants did not agree to harm the Plaintiff specifically, the purpose of the acts that they engaged in was to advance the overall object of the conspiracy, and the harm to the Plaintiff was a reasonably foreseeable consequence of the Count-II Defendants actions.

56. Plaintiff has been injured and continues to be injured in its business and property by Count-II Defendants conspiracy in violation of 18 U.S.C. Section 1962. The Unlawful actions of Count-II Defendants, each of them, have directly, illegally, and proximately caused injury to the Plaintiff and their enterprise and harm to the Plaintiffs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Count-II Defendant(s) as follows:

    A.  Compensatory actual damages pursuant to statute and the proofs in excess of the jurisdictional amount believed to be $10,000,000 (TEN Million) according to the Proofs.

    B.  Treble damages according to the proofs in excess of the jurisdictional amount.

    C.  For Attorney's fees and Court costs; and

    D.  For such other and further relief as this Court deems equitable and just.

**JURY TRIAL DEMAND**

The Plaintiffs Demand Trial by jury on all issues so triable.

### COUNT III- INTERFERENCE WITH PROSPECTIVE ADVANTAGE

57.  The Plaintiff restates and realleges paragraphs 1-56 as Paragraphs 1-56 of this Count III

58. The Court has Jurisdiction under 28 U.S.C. 1367 Pendent supplemental jurisdictions of this count.

59. The Count-III Defendants and each of them knew of the prospective economic advantage of the economic relationship between the Plaintiff and YouTube with the probability of future economic benefit to the Plaintiff.

60.  The Count-III Defendants had actual knowledge of the prospective economic advantage of the Plaintiff and the Plaintiff through their own YouTube involvement and their children's participation in the Plaintiff's enterprise with YouTube content Postings.

61.  The Count-III Defendants conspired to disrupt the relationship between the Plaintiff and YouTube's prospective advantage.

62.  The Count-III Defendants filed a lawsuit claiming sexual abuse by TIFFANY, knowing that no evidence existed as to such conduct as alleged in the lawsuit with the purpose and with the knowledge and hope that the allegation would cause YouTube to demonetize the Plaintiff's prospective advantage.

63.  That the Count-III Defendants action did interfere with the economic prospective advantage of YouTube in that it the sexual abuse conduct alleged in Count-III Defendant's complaint was the reason that YouTube demonetized the Plaintiff's enterprise affecting the 14-year-old child's economic prospective advantage.

64.  That the Count-III Defendants and each of their actions proximately caused economic injury the Plaintiffs in the millions of dollars in excess of minimum the Jurisdictional amount.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Count-III Defendant(s) as follows:

A.  Compensatory actual damages pursuant to statute and the proofs in excess of the jurisdictional amount.

B.   Punitive damages in the amount of $10,000,000.

C.  For Attorney's fees and Court costs; and

D.  For such other and further relief as this Court deems equitable and just.

**JURY TRIAL DEMAND**

The Plaintiffs Demand Trial by jury on all issues so triable.

## COUNT-IV DEFAMATION

65. The Plaintiff realleges paragraphs 1-64 of this complaint as paragraphs 1-64 of this Count IV.

66. The court has Jurisdiction under 28 U.S.C. 1367 Pendent supplemental jurisdictions of this count.

67. Without a Police report or criminal complaints, the Count-IV Defendants Defamed the Plaintiff TIFFANY Rockelle Smith in a case filing 22 STCV 0151 by making numerous false allegations of sexual misconduct.

68. The purpose of the filing as part of a conspiracy to demonetize the successful YouTube prospective advantage Piper Rockelle enjoyed getting her demonetized so her income stream would cease.

69. Prior to the Lawsuit being filed Defendants conversed about making false allegations on a Google drive created for the purpose to further the conspiracy.

70. The Defendant Angela Sharbino upon information and belief stated:

*"I understand completely but we have to take her down." (*Referring to TIFFANY Rockelle <u>*Smith and her childs enterprise*</u>*) "What can we do to change your mind? Is good people have to stick together... Please just go talk to Harmeet. Will help you tell a story."*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

*"I don't have the same stories though. I want to but this is serious."*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

*"Please trust me. Those stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you."*
See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

*"We did not experience this sexual stuff so I don't see why this will work. I also don't want to pay 10k."*
Upon information and belief Angela Sharbino stated :
*Please trust me. Those Stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you.*
*Will you do it for Theresa then if not Tiffany? She Lies constantly why should you care about doing the same? We have to stick together to take down the Rockelles.*

71. Upon information and belief, $10,000 was requested by Angela Sharbino from each of the conspirators to bring a baseless complaint against TIFFANY Rockelle Smith to injure her

enterprise which her 14-year-old daughter Piper was engaged in. See attached text messages from

upon information and belief Angela Sharbino as **Exhibit A.**

*"We will help you. Tell any stories you can think of they'll know how to write it. We have to stick together. We would love to have you on the team. Missed you so much! Can't wait to work together lots!"*

 See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**
*"I don't know. I don't like her but this may be crossing the line. These are children we are bringing into this."*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

*"That's what is going to get the best reaction. You have to understand. It's for the best, they should not be allowed to be able to keep making all this money. Do g you agree."*
*(Quotes* were often misspelled by the sender and are direct quotes herein *)*

See attached text messages from, upon information and belief, Angela Sharbino as **Exhibit A.**

72.   As Part of the conspiracy plan the Count-IV Sexual Battery Defendants alleged Pages 33 to 36

of the complaint 22 STCV01351 pages 32-36 incorporated by reference and attached hereto as

**Exhibit G.** Which contain false allegations which are untrue and defamatory and stated for the

purpose of injuring TIFFANY Rockelle Smith's reputation.

73.  That TIFFANY Rockelle Smith is a private person and the mother of a public person, Piper

Rockelle.

74.  That the effect of the untrue and libelous statements mentioned above caused detrimental injury

to TIFFANY Rockelle's reputation.

75.  As a direct and proximate result of the Libelous statements mentioned above Chicago venue had

to be canceled due to negative publicity. See **Exhibit G.**

76.  As a direct and proximate result of the Libelous statements mentioned above YouTube,

demonetized Pipe Rockelle, preventing a stream of Income of between $300,000 and $500,000

per month.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against the Count I Defendant(s) as follows:

A.  Compensatory actual damages pursuant to statute and the proofs in excess of the jurisdictional amount believed to be in excess of $10,000,000.

B.  Punitive damages in the amount of $10,000,000.

C.  For Attorney's fees and Court costs; and

D.  For such other and further relief as this Court deems equitable and just.

**JURY TRIAL DEMAND**

The Plaintiffs Demand Trial by jury on all issues so triable.

Respectfully submitted,

**RONALD L. BELL & ASSOCIATES, P.C.**

*Ronald L. Bell*

Ronald L. Bell

Ronald L. Bell & Associates, P.C.
1113 S. Milwaukee Ave., Ste. 204
Libertyville, IL 60048
Ph: 847-495-6000 / Fax: 847-495-6001
Email: Ronaldbelllaw@gmail.com
Atty. No. 3126822

## VERIFCATION

Tiffany Smith, having been sworn under oath, having been sworn and states as follows: That she has read the complaint, that she has read the allegations and she they are true and those allegations stated on belief she believes that they are true.

That she further states:

1. That this complaint is not presented for improper purpose such as to harass, cause unnecessary delay, or needless increase the cost of litigation;

2. The claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or existing or establishing new law;

3. The factual contentions have evidentiary support, or specifically so identified, will likely have evidentiary support after a reasonable opportunity for reasonable opportunity for discovery;

4. The factual contentions are warranted on the evidence or, if specially so identified are reasonably based on belief.

Tiffany Smith
_____
Tiffany Smith

SUBSCRIBED and SWORN TO
before me this _____ day
of _____, 20_____.



FAYYAZ A. DAMMANWALLA
Notary Public • California
Los Angeles County
Commission # 2382816
My Comm. Expires Nov 12, 2025

_____

NOTARY PUBLIC

Attachment
Please See

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☑ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____     _____
*Signature of Document Signer No. 1*       *Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of *Los Angeles*

FAYYAZ A. DAMMANWALLA
Notary Public - California
Los Angeles County
Commission # 2382816
My Comm. Expires Nov 12, 2025

Subscribed and sworn to (or affirmed) before me

on this __5th__ day of __August__, 20__22__
          Date              Month        Year
by

(1) *Tiffany Smith*

(and (2)_____ ),
                    *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me,

Signature _____

                    *Signature of Notary Public*

                    *Seal*
          Place Notary Seal Above

━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: *Verification* _____ Document Date: *N/A*

Number of Pages: __1__ Signer(s) Other Than Named Above: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

| EXHIBIT LETTER | Description |
|---|---|
| A | Text messages from Angela Sharbino |
| B | Affidavit of Angela Sharbino |
| C | Declaration of Caroline Fratacci |
| D | Affidavit of Ashley Roberts |
| E | Email and Letter from YouTube re: Demonetization |
| F | Complaint from California |
| G | Emails re: Tour Venue Cancellation in Cincinnati and London |



Hi

You're really not going to help us?

I don't want my name in this

I understand completely but we have to take her down. What can we do to change your mind? Is good people have to stick together.

Please just go talk to Harmeet. Will help you tell a story.

I don't have those same stories though. I want to but this is serious.

Please trust me. Those stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you.

 

      





EXHIBIT A



Can I please call you it's better that way we talk in confidence? We can put you in the group chat!

Ok

Please trust us. We will be on top. Nobody can stop us. Been working on this for many months. We'd love to have you on the team. Just hear me out.

She is a bitch

Exactly

We did not experience this sexual stuff so I don't see why this will work. I also don't want to pay 10k.

We will help you. Tell any stories you can think of they'll know how to write it. We have to stick together. We would love to have you on the team.

 

      



I don't have those same stories though. I want to but this is serious.

Please trust me. Those stories will cause the most embarrassment and make them cancel her and them can't make money anymore. Harmeet will help you.

I'll think about it. Guys, I just don't know.

Will you do it for Theresa then if not Tiffany? She lies constantly why should you care about doing the same?

I'll think about it.

We have to stick together to take down the Rockelles.

Is it ok to call?

 

      



chat!

Ok

Please trust us. We will be on top. Nobody can stop us. Been working on this for many months. We'd love to have you on the team. Just hear me out.

She is a bitch

Exactly

We did not experience this sexual stuff so I don't see why this will work. I also don't want to pay 10k.

We will help you. Tell any stories you can think of they'll know how to write it. We have to stick together. We would love to have you on the team. Missed you so much! Can't wait to work together lots!

 

      



I will explain more of what you
need to do

We want to collab with you
guys so much more by the way


I don't know. I don't like her but
this may be crossing the line.
These are children we are
bringing into this.

Can you please return my call?

That's what is going to get the
best reaction. You have to
understand. It's for the best,
they should not be allowed to
be able to keep making all this
money. Do g you agree.

I do but I'm just not sure.

Please tell me you'll just talk to
the lawyer. He is amazing, he
will help you.

 

      

DocuSign Envelope ID: DB298097-CBAB-41E7-BED1-30FF0898048D

loctronically FILED by Superior Court of California, County of Los Angeles on 04/15/2022 01:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

1   HARMEET K. DHILLON (CA SBN: 207873)
    harmeet@dhillonlaw.com
2   MATTHEW M. HOESLY (CA SBN: 289593)
    mhoesly@dhillonlaw.com
3   **DHILLON LAW GROUP INC.**
    177 Post Street, Suite 700
4   San Francisco, CA 94108
    T: (415) 433-1700
5

6   MATTHEW S. SARELSON (*pro hac vice* forthcoming)
    msarelson@dhillonlaw.com
7   **DHILLON LAW GROUP INC**
    2100 Ponce de Leon, Suite 1290
8   Coral Gables, FL 33134

9

10  *Attorney for Non-Party Angela Sharbino*

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **COUNTY OF LOS ANGELES—STANLEY MOSK COURTHOUSE**

13

14                                      **CASE NO.: 22STCV05711**

15  TIFFANY SMITH,                      Assigned For All Purposes To The:
                                        Hon. Richard L. Fruin; Dept. 15
16          Plaintiff,
                                        **DECLARATION OF ANGELA**
17          vs.                         **SHARBINO IN SUPPORT OF NON-**
                                        **PARTY ANGELA SHARBINO'S**
18                                      **MOTION TO QUASH AND FOR**
                                        **PROTECTIVE ORDER**
19  CAROLINE FRATACCI,
                                        Reservation ID: 589370997935
20          Defendant.                  Hearing Date:    May 19, 2022
                                        Hearing Time:    9:15 a.m.
21                                      Hearing Location.:  Dept. 15

22

23

24

25

26

27

28                                  — 1 —
    Declaration of Sharbino in Support of Motion to Quash
    and For Protective Order                              Case no. 22

EXHIBIT
B

DocuSign Envelope ID: 0B296397-6BAB4-1E7-BED1-0BFF0B9604BD

1                             <u>DECLARATION OF ANGELA SHARBINO</u>

2       I, Angela Sharbino, declare as follows:

3           1.       I am not a party to this pending action, and am the guardian ad litem (application

4 pending court approval) for my minor son, Sawyer S., in connection with the pending litigation in

5 LASC styled as Case No. 22STCV01351 and captioned as *Sawyer S. et al. v. Tiffany Smith et al.*

6           2.       I have personal knowledge of the facts set forth herein unless stated otherwise, and if

7 called as a witness, I could and would competently testify thereto. I make this declaration in support

8 of my Motion to Quash and for Protective Order in connection with the subpoenas served by

9 Plaintiff Tiffany Smith to Google Inc. in this matter.

10           1.       On March 14, 2022, I received a notification by email from Google Inc.'s legal

11 department that the company had received 2 subpoenas regarding my Google Drive account

12 captioned as "momsvsmith@gmail.com" on behalf of Plaintiff Tiffany Smith ("Plaintiff")—one of

13 the defendants in my son's pending legal matter against Ms. Smith and other defendants. Attached

14 hereto as **"Exhibit 1"** is a true and correct copy of the communication that I received from

15 Google's Legal Department which I promptly forwarded to my attorneys for handling.

16           3.       I am the lawful owner, creator and operator of the Google Drive account captioned as

17 "momsvsmith@gmail.com". I created this Google Drive account on or about June 2021 for purposes

18 and in anticipation of litigation brought by my minor son (and other similarly situated minor

19 children) against Plaintiff arising out of a variety of potential claims against her. These alleged

20 claims were eventually filed with the LASC as Case No. 22STCV01351 and captioned as *Sawyer S.*

21 *et al. v. Tiffany Smith et al.*

22           4.       I do not consent, nor have I ever consented to the dissemination of the materials,

23 documents, data and/or communications (including communications between myself and my

24 lawyers) contained in my "momsvsmith@gmail.com" Google Drive account to any third parties,

25 least of whom being the primary defendant in my son's (and other children's) current pending

26 litigation against Plaintiff Smith.

27 //

28

                                             - 2 -

DocuSign Envelope ID: DB298087-CBAB-41E7-BED1-00FF08985480

1      I declare under penalty of perjury of the laws of the state of California that the foregoing is

2  true and correct. Executed on April 15, 2022.

3

4                                      Angela Sharbino

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

Declaration of Sharbino in Support of Motion to Quash
and For Protective Order                                            Case no. 22STCV05711

APPENDIX A

## DECLARATION OF CAROLINE FRATACCI

I, Caroline Fratacci, declare as follows:

1.      I am over the age of 18, and this declaration is based on facts within my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      I am the mother of Clementine Lea Spieser. In January 2021, I co-founded a social media business with my daughter called Clementine Lea LLC, which we continue to operate together as of the date of this declaration.

3.      I came to know Tiffany Smith through my daughter, Clementine's, work as a social media influencer and content creator.

4.      Between October 2019 and February 2020, I visited Ms. Smith's house in Hollywood approximately once per week, typically for three-to-four hours at a time. During this time, I was instructed to stay in the guesthouse toward the rear of the property while my daughter and/or other children filmed videos to be posted on various social media platforms.

5.      In December 2019, I also accompanied my daughter, Ms. Smith, and several others to Hawaii where additional content was filmed.

6.      I have never personally witnessed Tiffany Smith making inappropriate sexual remarks, or engaging in any sexual or otherwise abusive acts toward any children.

7.      I am not a party to the lawsuit filed by certain minor children, by and through their proposed guardians ad litem, Angela Sharbino, Yvonne Dougher, Maria Mekus, Amber Cain, Carla Haas, Jennifer Bryant and Heather Trimmer entitled *Sawyer, S., et. al. v. Tiffany Smith, et. al.*, Case No. 22STCV01351. In January 2022, I received an email notification from Google inviting me to contribute to a shared Google drive opened under the account name "Moms vs Smith." A copy of the link to the Google drive is here: https://drive.google.com/drive/folders/1-CDId8KsbIbIKMtfGczfbQS0kRrYQFvb. To the extent the contents of the drive are protected by attorney-client privilege, joint defense privilege, or any other privilege or right to privacy, I expressly reserve all such rights and privileges.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 05 / 05 / 2022

Caroline Fratacci



DocuSign Envelope ID: 800690E6-959A-497C-AD50-BCCC74FEED3F

## DECLARATION OF ASHLEY ROBERTS

1.     I am over the age of 18 and am not a party to this action.  This declaration is based on facts within my own personal knowledge, and if called upon, I could and would competently testify as follows:

2.     I am a professional photographer specializing in fashion, editorial, lifestyle and portraiture photography.  I currently shoot mostly in Los Angeles, California.  I have an extensive portfolio that includes celebrities and influencers.

3.     I have worked with Tiffany Smith on numerous occasions over the last year and a half and have photographed her daughter, Piper Rockelle, a popular YouTube and social media influencer.  I have also worked with the parents of other minors who have appeared in Piper's videos and photographed them as well, including Caroline Fratacci and her daughter.

4.     I am submitting this declaration out of concern that Caroline Fratacci and others working with her have been fabricating evidence against Tiffany Smith and then intentionally deleting their messages, emails and exchanges to avoid having them revealed in Court.

5.     I have communicated with Caroline on numerous occasions, both verbally and through text messages.  I have Caroline's telephone number saved on my cell phone, which I also use for purposes of communicating with her by text.

6.     I have received dozens of text messages from Caroline over the last month or so, most of which are about Tiffany and another parent named Theresa Magnus, whose child was also a former performer with Tiffany's daughter.  I have retained these messages as evidence.

7.     Last month, Caroline told me that she was assisting other mothers of children that previously appeared in Piper's videos, including Angela Sharbino, Yvonne Dougher, Maria Mekus, Amber Cain, Carla Haas, Jennifer Bryant and Heather Trimmer, to make up claims against Tiffany.  These claims are set forth in a Complaint entitled *Sawyer, S., et al. v. Tiffany Smith*, et al., Case No. 22STCV01351.

8.     I know most of these women from having worked with them and photographed their children.  Caroline told me that they all communicated about Tiffany and Theresa Magnus on a Google drive, which was also provided to third parties and onto which she contributed

1

EXHIBIT
D

DocuSign Envelope ID: 800690E6-959A-497C-AD50-BCCC74FEED3F

1   "evidence" and she forwarded the link to me, and told me that several Google drives exist. A copy

2   of the Google drive link Caroline provided for me to access is appended hereto as Exhibit A.

3       9.    I clicked on the Google drive link and was shocked when I viewed an exchange

4   wherein someone was being asked to collaborate with them against Tiffany and to lie about sexual

5   molestation allegations against her. I retained a copy of this exchange, which is appended hereto

6   as Exhibit B.

7       10.   It was at that point I realized that I had to disclose what had been shown to me

8   because these were very serious allegations.

9       11.   Caroline has said numerous derogatory and negative statements about Tiffany to

10   me, both verbally and in writing over the last few months. I have retained these text messages.

11   Appended hereto as Exhibit C are true and correct copies of several recent exchanges in which

12   Caroline expressed derogatory and negative statements about Tiffany and encouraged me not to

13   work with her. For instance, as shown in the attached text messages, Caroline has told me that

14   Tiffany molested a minor and said it was "similar to Epstein story," she has told me that Tiffany is

15   a "pervert narcissist," that she is "crazy," that she has "many very very dark sides," that she "lacks

16   empathy," that "she has exploited tens of minor children," that she has done "evil things," that she

17   "pr[e]ys on the vulnerable," and that she had been exploiting her daughter, Piper, since she was 3.

18   I believe that she made these statements to me so that I would not continue to work with Tiffany

19   and her daughter. She actually warned me not to work with Tiffany in order to protect myself and

20   my reputation.

21       12.   Caroline also informed me that she is speaking with MTV about a docuseries as a

22   "way for me to expose the ugly truths," which is also reflected in a text message attached hereto

23       13.   On February 12, 2022, I had another text exchange with Caroline wherein she

24   informed me that she does not keep conversations and she instructed me to "delete all our stuff." I

25   understood that Caroline wanted me to delete all of our text conversations because she did not

26   want anyone else to see what she had said to me. She previously told me that she had to be careful

27   about what she said. A true and correct copy of this text exchange is appended hereto as Exhibit

28   D.

2

DECLARATION OF ASHLEY ROBERTS

DocuSign Envelope ID: 800690E6-959A-497C-AD50-BCCC74FEED3F

14.    I am informed that Tiffany filed a lawsuit against Caroline on February 15, 2022, and that it was served on Caroline in the late afternoon of February 16, 2022.

15.    On February 17, 2022, I received a telephone call from Caroline. She called me from a telephone number I was not familiar with, however, I immediately recognized her voice. She was giving instructions to for to manipulate my phone because she believed my telephone was being tapped. She also told me, "You'll never work again." Caroline was clearly trying to intimidate me into deleting her statements about Tiffany and her collusion with others against Tiffany.

I declare, under penalty of perjury and pursuant to the laws of the state of California, that the foregoing is true and correct. Executed on February 18, 2022 in Los Angeles County, California.

ASHLEY ROBERTS

3

DECLARATION OF ASHLEY ROBERTS

Fwd: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status          5/29/22, 3:27 PM

**From:** piperrockellesmith@gmail.com,
**To:** Jkustom01@aol.com,
**Subject:** Fwd: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status
**Date:** Thu, May 26, 2022 7:20 pm

Sent from my iPhone

Begin forwarded message:

> **From:** yt-partner-support@google.com
> **Date:** February 28, 2022 at 6:46:52 PM PST
> **To:** Ken Ingber <ken@ingberlawyers.com>, yt-partner-support@google.com,
> piperrockellesmith@gmail.com
> **Cc:** legal@support.youtube.com, "Karol H. Ingber, Esq." <karol@ingberlawyers.com>
> **Subject: RE: [3-0662000032106] [YouTube] Notice Regarding Your Channel's
> Monetization Status**
>
> Hi Ken,
>
> Thank you for sharing your availability. I will work to get this call arranged.
>
> In case we are unable to schedule the call at the times you have shared, would you also be able to provide additional availability for the remainder of this week and the following week?
>
> Thanks
>
> Lucy
>
> ─────────────────────
>
> Google LLC | YouTube Team | Community Outreach | youtube.com
>
> On Mon, Feb 28, 2022 at 17:54 UTC "Ken Ingber" <ken@ingberlawyers.com> wrote:
>
>> Hi Lucy, thank for your email. We are available for a call and appreciate the opportunity to speak with you and/or your team. We are available today at 3 pm PST, tomorrow from 11:30 – 1 pm PST, or after 2:30 PST for the rest of the day. Please let me know if any of those times work for you.
>>
>>
>> Regards,
>>
>> Ken



EXHIBIT
E

https://mail.aol.com/webmail-std/en-us/PrintMessage                                                     1 of 8

Kenneth S. Ingber, Esq.

Ingber & Associates

30101 Agoura Court, Suite 119

Agoura Hills, CA 91301

Main:     (818) 707-3811

Direct:   (818) 707-5260

Fax:      (818) 707-5294

http: www.ingberlawyers.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** yt-partner-support@google.com <yt-partner-support@google.com>
**Sent:** Sunday, February 27, 2022 9:43 PM
**To:** Ken Ingber <ken@ingberlawyers.com>; yt-partner-support@google.com; piperrockellesmith@gmail.com
**Cc:** legal@support.youtube.com; Karol H. Ingber, Esq. <karol@ingberlawyers.com>
**Subject:** RE: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status

Hi Ken & Piper,

Fwd: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status                          5/29/22, 3:27 PM

Thank you for your patience and for providing the additional information.

We would like to reiterate that the **monetization on your channel will remain suspended due to violations of our** Creator responsibility policy. Your channel may be eligible to be re-evaluated for the YouTube Partner Program after the 90 day suspension period.

We also wanted to share a further update in relation to this. As your channel has been suspended from the YouTube Partner Program due to allegations of off-platform behavior related to child safety, you are unable to upload content that is "Made for Kids". As a result, we have completed a review of the Made for Kids content on your channel and will be locking 128 videos as private. They will no longer be visible to the public.

I understand that this is not the outcome you were hoping for and that you may have further questions. As next steps, we wanted to offer you a phone call with us to discuss the information we have shared and address any questions. When would you be available to have this call?

Thanks

Lucy

| Google LLC| | YouTube Team | | Community Outreach | | youtube.com |

On Wed, Feb 23, 2022 at 01:08 UTC "Ken Ingber" <ken@ingberlawyers.com> wrote:

Dear Lucy and/or To Whom It May Concern:

Please see attached correspondence dated February 22, 2022 regarding Piper Rockelle. Here is a link to the same document: https://my.pcloud.com/publink/show?code=XZttOkVZhtDKQ7hP4GYT4mlBO9uI9Xow9OXy

Regards,

Ken

Kenneth S. Ingber, Esq.

Ingber & Associates

30101 Agoura Court, Suite 119

Agoura Hills, CA 91301

Main:     (818) 707-3811

Direct:   (818) 707-5260

Fax:      (818) 707-5294

http: www.ingberlawyers.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Ken Ingber
**Sent:** Wednesday, February 16, 2022 1:55 PM
**To:** yt-partner-support@google.com; piperrockellesmith@gmail.com
**Cc:** legal@support.youtube.com; Karol H. Ingber, Esq. <karol@ingberlawyers.com>
**Subject:** RE: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status

Lucy and/or To Whom It May Concern:  Please see attached correspondence dated February 16, 2022 regarding the above-referenced matter and kindly confirm receipt.

Ken

Kenneth S. Ingber, Esq.

Ingber & Associates

30101 Agoura Court, Suite 119

Agoura Hills, CA 91301

Main:     (818) 707-3811

Direct:   (818) 707-5260

Fax:      (818) 707-5294

http: www.ingberlawyers.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** yt-partner-support@google.com <yt-partner-support@google.com>
**Sent:** Thursday, February 10, 2022 11:19 AM
**To:** Ken Ingber <ken@ingberlawyers.com>; yt-partner-support@google.com; piperrockellesmith@gmail.com
**Subject:** RE: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status

Hi Piper and Ken,

Thank you for your detailed response.

I want to further clarify that we took this decision based on off-platform behavior that can cause harm to the overall ecosystem, reduce user and advertiser trust. Additionally, as a company, we have zero tolerance for anything that relates to child safety. The veracity of your legal suit was not a consideration in this decision.

**Therefore, we have decided to move forward with suspending monetization on the**

channel, Piper Rockelle, due to violations of our Creator responsibility policy. When reviewing creator behavior under our Creator responsibility policy, we look for our creators to both be respectful of their viewers, their fellow creators, and our advertisers -- both on and off YouTube -- and we want to ensure that all creators are empowered to use their influence responsibly in the YouTube community.

Your channel may be eligible to be re-evaluated for the YouTube Partner Program in 90 days. During this time, we encourage you to continue to upload new content and make sure to review all your videos with our YouTube Partner Program policies and our Community Guidelines in mind and to edit or delete any videos that violate our policies or could cause harm to the community.  We will also consider your adherence to our Creator responsibility guidelines which includes off-platform behavior.

Finally, please understand that while your channel is suspended from monetization, there has been no change to how you can upload, edit, and/or delete videos. You have full access to your channel and can continue to leverage the platform to connect with your audience. You can also read, respond to, or moderate your comments, and analyze your channel performance in YouTube analytics. There is no change to how your videos are promoted in our search and recommendation systems.

Thanks,

Lucy

Google LLC| | YouTube Team | | Community Outreach | | youtube.com

On Thu, Feb 10, 2022 at 01:23 UTC "Ken Ingber" <ken@ingberlawyers.com> wrote:

Here is another copy of the PDF, as well as a link:  https://my.pcloud.com/publink/show?code=XZkWayVZ6pNkHVrVwvbIHmVXJ0mdOJEfYQXX


Please let us know if this works.


Kenneth S. Ingber, Esq.

Ingber & Associates

30101 Agoura Court, Suite 119

Agoura Hills, CA 91301

Main:     (818) 707-3811

Direct:    (818) 707-5260

Fwd: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status                    5/29/22, 3:27 PM

Fax:      (818) 707-5294

http: www.ingberlawyers.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** yt-partner-support@google.com <yt-partner-support@google.com>
**Sent:** Wednesday, February 9, 2022 5:16 PM
**To:** piperrockellesmith@gmail.com
**Cc:** Ken Ingber <ken@ingberlawyers.com>
**Subject:** Re: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status

Hi Piper,

Thank you for your response and sharing the attachment.

Unfortunately, I'm unable to access the pdf document that you shared. Would you be able to resubmit this once again?

Best,

Lucy

Google LLC|   YouTube Team | Community Outreach |   youtube.com

On Thu, Feb 10, 2022 at 00:40 UTC "Piper Rockelle" <piperrockellesmith@gmail.com> wrote:

Fwd: [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status                                          5/29/22, 3:27 PM

Attached is my response to [3-0662000032106] [YouTube] Notice Regarding Your Channel's Monetization Status. Thank you. On Tue, Feb 8, 2022 at 7:21 PM <yt-partner-support@google.com> wrote: > > Hi Piper, > > Responsibility is our number one priority at YouTube and it's important for us to ensure that creators are empowered to use their influence responsibly in the YouTube community and beyond. > > With that in mind, we are concerned about allegations of off-platform behavior related to child safety that could cause significant harm to the community, violating our Creator responsibility guidelines within our YouTube Partner Program policies. These guidelines explain that we don't allow egregious behavior that has a large negative impact on the community. Additionally, this means you should be respectful of your viewers, your fellow creators, and our advertisers -- both on and off YouTube. > > > As a result, we have determined that your channel, Piper Rockelle, is no longer eligible to monetize. Once this goes into effect, you will no longer have access to monetization tools and features, including online creator support. > > During the suspension period, creating or using any other channel to get around (circumvent) these YPP restrictions is a violation of our Terms of Service, and could result in permanent termination of your account(s). > > If there is any additional information you would like to provide to the review team to better evaluate your channel related to this issue, please reply back to this email within 24 hours. > > > What this means for your channels > > You'll continue to have access to most creator features on YouTube that enable you to grow your audience, build your community, and manage your videos. You can: > > Upload, edit, or delete your videos > Read, respond to, or moderate your comments > Analyze your channel performance in YouTube Analytics > Get best practices and strategic advice from Creator Academy > Connect to other Creators in the YouTube Help Forum > > There's no change to how your videos are promoted in our search and recommendation systems. Note that as mentioned in the Partnership Program Terms, the YouTube Terms of Service continue to apply to your use. > > > > How to monetize again > > Your channel can be re-evaluated for the YouTube Partner Program in 90 days. During this time, we encourage you to continue to upload new content and make sure to review all your videos with our YouTube Partner Program policies and our Community Guidelines in mind and to edit or delete any videos that violate our policies or could cause harm to the community. > > If you reapply, our review team will carefully look over your new and updated content again to make sure it now meets our YouTube Partner Program policies. We'll email you and update you on YouTube Studio as soon as the review process is complete. > > Regards, > > Lucy > > YouTube Support Team > > > > Google LLC| YouTube Team| Community Outreach | youtube.com



February 9, 2022

<u>VIA E-MAIL</u>

YouTube Support Team
Attn: Lucy
*yt-partner-support@google.com*

**Re:** *Piper Rockelle/Notice Regarding Channel's Monetization Status*

To whom it may concern and/or "Lucy":

Our office is legal counsel for Tiffany Smith ("Smith"), the mother and guardian of Piper
Rockelle ("Piper"), a minor. As you may know, Piper is a teen internet sensation with millions
of YouTube subscribers. We are in receipt of your Notice Regarding Channel's Monetization
Status ("Notice") dated February 8, 2022, which was sent to Piper via email at 7:21 p.m. (PST),
wherein you advised that Piper's channel, Piper Rockelle, is no longer eligible to monetize.
While you did not identify the "alleged off-platform behavior" that prompted the Notice, other
than a vague reference to "egregious conduct that has a negative impact on the community" nor
did you identify the source of same, we assume that you are referring to the allegations of the
unverified Complaint that was filed in the Los Angeles Superior Court on January 12, 2022,
entitled *Sawyer, S., et al. v. Tiffany Smith, et al.*, Case No. 22STCV01351. However, Piper is not
a party to that action.

As your Notice is based entirely on the unfounded and specious allegations of the unverified
Complaint, we are compelled to address the false and salacious claims asserted therein, despite
the fact that the Complaint has not even been served nor has a summons issued. As we will
demonstrate, these purported claims, which were manufactured (and spearheaded) by the
mothers of other minors who no longer participate in Piper's videos, are motivated entirely by
greed and personal vendettas. Simply put, there has been an on-going smear campaign against
Ms. Smith and her family for months on end by various other minors and their parents which was
engineered for the purpose of appropriating profits from Piper and diverting her millions of
subscribers to their respective children. Indeed, YouTube itself can verify that many of the
allegations of the Complaint are indisputably false. For example, Plaintiffs allege that Ms. Smith
and others, not including Piper, "conspired" with YouTube and its employees to engage in
conduct intended to harm and sabotage Plaintiffs' own YouTube channels. Certainly there is no
evidence to support this baseless allegation and it is hard to fathom that YouTube would suspend
Piper's channel based on claims that YouTube engaged in wrongful conduct. Likewise,
Plaintiffs allege that Ms. Smith has utilized Russian bots to drive traffic. Obviously YouTube
has all the resources at its disposal to confirm that this assertion is not only ridiculous, but it is
false. It is apparent that Plaintiffs are grasping at straws in an attempt to state a claim against
Ms. Smith and her family. As to the remaining allegations, there is simply no evidence to
support them and they are demonstrably false. As you know, an allegation in an unverified

# INGBER &
# ASSOCIATES

Complaint is nothing more than that—an allegation—and there are no grounds upon which you can accept any of those claims are true.

For purposes of context, please bear in mind that Piper and all of the Plaintiffs did, at some point in time, appear as collaborators on each other's channels. When their relationships ended, Plaintiffs' respective channels suffered a loss of views and subscribers because, among other things, they were no longer a part of Piper's creator community and did not have access to her vast audience, and they no longer had access to and benefited from Piper's professional production apparatus. For instance, you can confirm internally that Plaintiff Sophie F.'s views diminished greatly as did the frequency of her posting on YouTube once she was no longer an active collaborator. Note, Sophie F, a minor, operates her channel through her mother Heather Trimmer.

By way of further example, the parents of one of the other plaintiffs, Symonne H., allowed Symonne, at the age of 14, to have an 18-year-old boyfriend who lived on his own at the time. Symonne's guardian who approved same and purports to sue on her behalf is Tania Harrison. This relationship is, to this day, displayed on Symonne's channel. Ms. Smith felt this behavior was inappropriate and did not want to condone it through the content distributed on Piper's YouTube channel. Like YouTube, our client takes child endangerment and child welfare issues seriously.

The decision not to continue to collaborate with Plaintiffs led to a great deal of ill will toward Ms. Smith and her family. We have been informed that Plaintiffs, their families and/or other persons acting on their behalf have engaged in egregious conduct, including intimidated Ms. Smith's business associates, harassing their managers, threatening purported FBI investigations, and making false reports to Child Protective Services. They have gone so far as to impersonate law enforcement, journalists and investigators in their efforts to destroy Ms. Smith's reputation and harm Piper.

Unfortunately, this kind of despicable behavior is nothing new. In the past disgruntled collaborators have engaged in outrageous conduct, such as creating an escort profile with the telephone number of Ms. Smith's manager and directing random children around the country to bombard local law enforcement authorities with false accusations against Ms. Smith, which lead to an investigation of Ms. Smith. As you can see from the attached letter, she and her family were exonerated.

After determining that their onslaught of false claims to law enforcement were not having the intended consequence, Plaintiffs and their parents have resorted to filing a Complaint making unfounded accusations against not only our client, but YouTube as well. Notably, Plaintiffs are using the filing to make outrageous claims against Ms. Smith, without any evidence, under the guise of a litigation privilege and to create sound bites for their attorney. Tellingly, the Plaintiffs have not bothered to serve the Complaint and prove-up their allegations, electing instead on a strategy of grandstanding, press releases, and attempted interference with our client's livelihood.



Notably, Plaintiffs' accusations have been levied against Ms. Smith—not Piper, who actually appears on the channel. Thus, the Notice is punishing Piper for alleged behavior attributed to someone else.

In light of the foregoing, we request that YouTube immediately reinstate Piper as a member of YouTube in good standing as she has, at all times, complied with its policies, guidelines and terms of service. The despicable allegations set forth in the unverified Complaint are false, unprovable, and unserved. It is inherently unfair, prejudicial and detrimental to Piper's interests to allow baseless and unverified allegations of disgruntled minors (and their stage moms) to interfere with Piper's channel and relationships. Please notify us, in writing, of your position at your earliest opportunity.

In the interim, should you have any questions regarding the foregoing or require additional information, please do not hesitate to contact us.

This correspondence is not intended to address all of the facts, legal issues and remedies available to our client, all of which are specifically reserved.

Sincerely,

Kenneth S. Ingber, Esq.

Enc.



Bobby D. Cagle
Director

# County of Los Angeles
## Department of Children and Family Services

425 Shatto Place, Los Angeles, CA 90020
(213) 351-5602

Date:   4/27/2020

Tiffany Rockelle Smith
1752 N. Stanley Ave
Los Angeles, CA. 90046

Dear   Tiffany Rockelle Smith                                          :

RE: Referral No.   1365-3821-6536-8002864              Referral Date   4/7/2020

Thank you for your cooperation during our investigation. Effective   5/14/2020   your referral has been closed by this Department. The reason for this action is that the allegation of child abuse and/or neglect was ☐ substantiated ☐ inconclusive ☒ unfounded.

A SDM Safety Plan ☐ was ☒ was not put into place during the investigation. If a SDM Safety Plan was put into place, this is to advise you that as of _____ the SDM Safety Plan is no longer in effect.

If you have any questions or concerns regarding this matter, please call me.

Andrea Rivera                                          ET4IS6260 - Rivera, A.
Children's Social Worker                    File No.
(323) 900-2261
Telephone Number

5 196  (Rev. 03/2015)                    Page 1 of 1

*"To Enrich Lives Through Effective and Caring Service"*

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2022 03:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Morales, Deputy Clerk
22STCV01351
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

HARMEET K. DHILLON (CA SBN: 207873)
harmeet@dhillonlaw.com
MATTHEW M. HOESLY (CA SBN: 289593)
mhoesly@dhillonlaw.com
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
T: (415) 433-1700

MATTHEW S. SARELSON (*pro hac vice* forthcoming)
msarelson@dhillonlaw.com
**DHILLON LAW GROUP INC**
2100 Ponce de Leon, Suite 1290
Coral Gables, FL 33134

*Attorneys for Plaintiffs,*
SAWYER S., a minor by and through his guardian ad litem, Angela Sharbino,
DONLAD D., a minor by and through his guardian ad litem, Yvonne Dougher,
AYDEN M., a minor by and through his guardian ad litem, Maria Mekus,
CONNOR C., a minor by and through his guardian ad litem, Amber Cain,
HAYDEN H., a minor by and through his guardian ad litem, Carla Haas,
WALKER B., a minor by and through his guardian ad litem, Jennifer Bryant,
SOPHIA F., a minor by and through her guardian ad litem, Heather Trimmer,
CORINNE D., a minor by and through her guardian ad litem, Stephenie Areeco,
SYMONNE H., a minor by and through her guardian ad litem, Tania Harrison,
and CLAIRE E. and REESE E., minors by and through their guardian ad litem,
Ashley Anne-Rock Smith

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—STANLEY MOSK COURTHOUSE

| | |
|---|---|
| SAWYER S., a minor by and through his guardian ad litem, Angela Sharbino, DONLAD D., a minor by and through his guardian ad litem, Yvonne Dougher, AYDEN M., a minor by and through his guardian ad litem, Maria Mekus, CONNOR C., a minor by and through his guardian ad litem, Amber Cain, HAYDEN H., a minor by and through his guardian ad litem, Carla Haas, WALKER B., a minor by and through his guardian ad litem, Jennifer Bryant, SOPHIA F., a minor by and through her guardian ad litem, Heather Trimmer, CORINNE D., a minor by and through her guardian ad litem, Stephenie Areeco, SYMONNE H., a minor by and through her guardian ad litem, Tania Harrison, and | CASE NO.: 22STCV01351<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF CALIFORNIA CIVIL CODE § 3344**<br>2. **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**<br>3. **UNJUST ENRICHMENT**<br>4. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>5. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>6. **CIVIL CONSPIRACY**<br>7. **SEXUAL BATTERY** |

- 1 -

Plaintiffs' Complaint for Damages

EXHIBIT
**F**

1  meaningfully punish Defendants, and each of them, and to thereby deter similar conduct by them in

2  the future.

### SEVENTH CAUSE OF ACTION

### SEXUAL BATTERY

**(By Plaintiffs Connor C., Corinne D., Sophia F., Claire E., and Reese E. against**

**Defendant Ms. Smith and DOES 1-25)**

7      97.     Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. re-allege and

8  incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

9      98.     Ms. Smith intentionally, recklessly, and wantonly did those acts as alleged in Paragraph

10  35(a)-(z), which were intended to, and did, result in harmful and offensive contact with intimate parts

11  of Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E.

12      99.     Ms. Smith committed the acts as set forth in Paragraph 35(a)-(z) with the intent to cause

13  a harmful or offensive contact with intimate parts of Plaintiffs Connor C., Corinne D., Sophia F., Claire

14  E. and Reese E. and that would offend a reasonable sense of personal dignity. Further, said acts did

15  cause a harmful or offensive contact with intimate parts of Plaintiffs Connor C., Corinne D., Sophia

16  F., Claire E. and Reese E. that would offend a reasonable sense of personal dignity.

17      100.    Ms. Smith, in doing the wrongful acts herein alleged in Paragraph 35(a)-(z), including

18  intending to subject Plaintiffs Connor C., Corinne D., Sophia F., Claire E.  and Reese E. to sexual

19  abuse, harassment, and molestation before, during and after video shoots and content creation sessions,

20  intended to cause harmful or offensive contact to Plaintiffs Connor C., Corinne D., Sophia F., Claire

21  E. and Reese E., or intended to put Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese

22  E. in imminent apprehension of such contact.

23      101.    Regarding Plaintiffs Connor C., Corinne D., Sophia F., Claire E.  and Reese E., on

24  several occasions, Ms. Smith spanked and/or slapped their buttocks, including poking / prodding her

25  finger against Plaintiffs' anuses through their clothing.

26      102.    Regarding Plaintiff Reese E., on one occasion, Ms. Smith moved her hand up Reese

27  E.'s exposed leg toward her vagina when Reese E. recoiled and knocked her hand away. On another

28

- 32 -

occasion, and in "Lenny the Cat's" voice, Ms. Smith grabbed a broom and rubbed the broom handle all over Reese E.'s face and head telling her it was "Lenny's big smelly penis." On yet another occasion, and after running into a bathroom to hide from Ms. Smith, Reese E. heard Ms. Smith outside the door tell her: "Reese, I have my pants down...do you want to come see?" When Reese E. finally left the bathroom, Ms. Smith ambushed her, grabbed her by the neck, tossed her onto the bed and began pretending that her right arm was "Lenny's penis" and rubbed it all over Reese E.'s face, head and mouth.

103.   Regarding Plaintiff Claire E., Ms. Smith sexually touched her on numerous occasions by rubbing her exposed thighs and moving her hand toward her vagina, commented on how "big" Claire E.'s breasts looked and then attempting to squeeze them, and on one occasion, taking a wooden spoon and smacking it all over Claire E.'s body. Ms. Smith also tried to spit in Claire E.'s mouth and on her face one time when Ms. Smith was hovering over her after Claire E. woke up in the morning.

104.   Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E did not consent to Ms. Smith's intended harmful or offensive contact with them, or intention to put them in imminent apprehension of such contact.

105.   In doing the wrongful acts alleged in Paragraph 35(a)-(z), Ms. Smith violated Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E.'s rights, pursuant to Civil Code section 43 of protection from bodily restraint or harm and from personal insult. In doing the wrongful acts herein alleged, Ms. Smith violated her duty, pursuant to Civil Code section 1708, to abstain from injuring Plaintiffs or infringing upon their rights.

106.   As a result of the above-described conduct as alleged in Paragraph 35(a)-(z), Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. were put at unnecessary risk of harm, and in some cases, suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of working in the entertainment industry; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and

- 33 -

1   obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur

2   expenses for medical and psychological treatment, therapy, and counseling.

3       107.   Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. have suffered

4   damages, both general and special damages, in an amount presently unknown but exceeding the

5   minimum jurisdictional limit of this Court and as proven at the time of trial.

6       108.   In subjecting Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. to the

7   wrongful acts herein described and as set forth in detail in Paragraph 35(a)-(z), Ms. Smith acted

8   willfully and maliciously with the intent to harm them, and in conscious disregard of their rights, so

9   as to constitute malice and oppression under Civil Code section 3294. Plaintiffs Connor C., Corinne

10   D., Sophia F., Claire E. and Reese E. are therefore entitled to the recovery of punitive damages against

11   Ms. Smith, in an amount to be determined at trial.

12               **EIGHTH CAUSE OF ACTION**

13               **BATTERY**

14   **(By Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. against Defendant Ms.**

15   **Smith and DOES 1-25)**

16       109.   Plaintiffs Connor C., Corinne D., Sophia F., and Reese E. re-allege and incorporate by

17   reference all preceding paragraphs of this Complaint as though fully set forth herein.

18       110.   On repeated occasions as alleged herein, Ms. Smith inappropriately touched Plaintiffs

19   Connor C., Corinne D., Sophia F., Claire E. and Reese E. as set forth in this Complaint and specifically

20   in Paragraph 35(a)-(z) with the intent to cause harm or distress to them.

21       111.   Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. did not consent to

22   Ms. Smith's inappropriate touching as set forth in Paragraph 35(a)-(z).

23       112.   Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. were harmed by

24   Ms. Smith's inappropriate and wrongful conduct as set forth in Paragraph 35(a)-(z).

25       113.   These acts by Ms. Smith did cause a harmful or offensive contact with intimate parts

26   of Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E.'s person as set forth in Paragraph

27   35(a)-(z) that would offend a reasonable person in their positions.

28                         - 34 -

114.   As a direct, legal, and proximate result of the acts of Ms. Smith as set forth in Paragraph 35(a)-(z), Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. sustained serious and permanent injuries to their persons, in an amount to be shown according to proof and within the jurisdiction of the Court.

115.   As a result of the wrongful acts described above, Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of working in the entertainment industry; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. have suffered damages, both general and special damages, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

116.   In subjecting Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. to the wrongful acts described above, Ms. Smith acted willfully and maliciously with the intent to harm them, and in conscious disregard of their rights, so as to constitute malice and oppression under Civil Code section 3294. Plaintiffs Connor C., Corinne D., Sophia F., Claire E. and Reese E. are therefore entitled to the recovery of punitive damages against Ms. Smith, in an amount to be determined according to proof.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(By all Plaintiffs against Ms. Smith and DOES 1-25)**

117.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

//

- 35 -

118.    The conduct of Ms. Smith toward Plaintiffs, as generally described throughout this Complaint, and specifically set forth in Paragraphs 35(a)-(z) was outrageous and extreme.

119.    A reasonable person would not expect or tolerate the harassment, molestation, and abuse—both verbal and physical (and oftentimes both of a sexual nature)—suffered by Plaintiffs at the hands of Ms. Smith, and her knowledge and callous indifference thereof.

120.    As the executive producer and director of the video content for her daughter Piper's YouTube channel, Ms. Smith was in a position of care and control over Plaintiffs—all of whom were former members of the "Squad" and entrusted her with their bodies and ears.

121.    As such, Ms. Smith acted with intent or recklessness, knowing that Plaintiffs were likely to endure emotional distress given their relative lack of power or control over their situation or ability to object to Ms. Smith's sexual innuendos and unlawful conduct.

122.    As a result of Ms. Smith's conduct as alleged herein, Plaintiffs sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiffs are substantial, continuing, and permanent.

123.    Ms. Smith's conduct caused suffering for Plaintiffs at levels that no reasonable person should have to endure.

124.    As a result of the above-described conduct, Plaintiffs were put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of working in the entertainment industry; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling. Plaintiffs have suffered damages, both general and special, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

Plaintiffs' Complaint for Damages

1   125.   In subjecting Plaintiffs to the wrongful acts herein described, Ms. Smith acted willfully

2   and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so

3   as to constitute malice and oppression under Civil Code section 3294. Plaintiffs are therefore entitled

4   to the recovery of punitive damages against Ms. Smith, in an amount to be determined according to

5   proof.

6   **TENTH CAUSE OF ACTION**

7   **VIOLATION OF CAL. BUS. &. PROF. CODE §§ 17200, *ET SEQ.***

8   **(By Plaintiffs Sawyer S., Donlad D., Ayden M., Connor C., Hayden H., Walker B., Sophia**

9   **F., Symonne H. and Claire E. against all Defendants and DOES 1-25)**

10   126.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this

11   Complaint as though fully set forth herein.

12   127.   Cal. Bus. & Prof. Code §§ 17200, *et seq.* (also known as the "UCL") prohibits unfair

13   competition.

14   128.   Under Cal. Bus. & Prof. Code § 17200, unfair competition is defined as "any unlawful,

15   unfair or fraudulent business act or practice." Violations of other statutes and laws, including, but not

16   limited to, Civil Code § 3344 and other business-related torts as alleged herein, constitute unfair,

17   unlawful, or fraudulent business practices. Such violations also violate the UCL and give rise to a

18   claim for relief as specified in Bus. & Prof. Code § 17203.

19   129.   Plaintiffs have suffered actual injury as a result of unfair competition as described

20   herein, including Defendants' unlawful, unfair or fraudulent business acts and practices as herein

21   alleged. Specifically, Defendants' unauthorized and uncompensated commercial use of Plaintiffs

22   Sawyer S., Donlad D., Ayden M., Connor C., Hayden H., Walker B., Sophia F., Symonne H. and

23   Claire E.'s names, images and likenesses in Piper's videos for her YouTube channel—which generated

24   significant seven-figure revenue for Defendants—is an unlawful, unfair or fraudulent business act and

25   practice. In addition, Defendants' brazen and intentional sabotage of Plaintiffs Sawyer S., Donlad D.,

26   Ayden M., Connor C., Hayden H., Walker B., Sophia F., Symonne H. and Claire E.'s YouTube

27   channels, as described herein, is not only an unlawful, unfair or fraudulent business act and practice,

28   - 37 -

1   but also constitutes unfair competition by driving viewers and "subscribers" away from these

2   Plaintiffs—whom are all Piper's competitors in the social media marketplace and other lucrative

3   forums.

4       130.   By such violations, Defendants have enriched themselves to the detriment of Plaintiffs

5   and no doubt others similarly situated.

6       131.   By committing the acts and practices alleged herein, Defendants engaged in, and

7   continue to engage in, unfair competition within the meaning of Cal. Bus. & Prof. Code §§ 17200, et

8   seq., and Plaintiffs continues to suffer harm from these actions.

9       132.   Accordingly, Plaintiffs' are entitled to appropriate relief and all requested damages, as

10   well as attorneys' fees and costs expended in pursuing this action.

11   **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiffs respectfully pray for relief and judgment against Defendants, and

13   each of them, as follows in amounts according to proof:

14       1.   For judgment in favor of Plaintiffs against Defendants;

15       2.   For compensatory and special damages according to proof with prejudgment interest

16       thereon to the extent allowable by law; and specifically with respect to the Third,

17       Fourth, Fifth and Sixth Causes of Action, in an amount no less than the collective

18       difference in revenue before and after leaving the "Squad" derived from Plaintiffs'

19       YouTube channels when as set forth in Exhibits 1C – 1F through 9C – 9F, believed to

20       be at least $2 million;

21       3.   An award of the revenues and profits received by Defendants during the time Plaintiffs

22       were in the "Squad" as a result of Defendants' unauthorized use of Plaintiffs' names,

23       identities, personas and/or other publicity rights;

24       4.   Preliminary and permanent injunction prohibiting Defendants and their affiliated

25       individuals and companies from any further use of Plaintiffs' publicity rights (including

26       without limitation their names, images, identities, personas, voices) without Plaintiffs'

27       express written permission or consent in advance;

28   - 38 -

5.    For all penalties allowed by statute;

6.    For damages for severe emotional distress, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, stress, and mental anguish;

7.    For punitive damages in a sum sufficient to deter Defendants' conduct;

8.    For restitution;

9.    For all reasonable attorneys' fees incurred by Plaintiffs in the prosecution of this matter, as permitted by statute, contract, and/or applicable law;

10.   For costs of suit incurred herein; and

11.   For such other and further relief as the Court deems just and proper.

DATED: January 11, 2022                    **DHILLON LAW GROUP, INC.**


By: _Harmeet K Dhillon_
Harmeet K. Dhillon
Matthew S. Sarelson (*pro hac vice forthcoming*)
Matthew M. Hoesly
*Attorneys for Plaintiffs*


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action.

DATED: January 11, 2022                    **DHILLON LAW GROUP, INC.**


By: _Harmeet K Dhillon_
Harmeet K. Dhillon
Matthew S. Sarelson (*pro hac vice forthcoming*)
Matthew M. Hoesly
*Attorneys for Plaintiffs*

- 39 -

Plaintiffs' Complaint for Damages

Fwd: Piper Rockelle tour

5/31/22, 10:54 AM

**From:** jkustom01@aol.com,
**To:** heatherdaniels10@aol.com,
**Subject:** Fwd: Piper Rockelle tour
**Date:** Tue, May 31, 2022 10:22 am

Cancellation letter from the venue in London.

Sent from my iPhone

Begin forwarded message:

> **From:** Adam Greene <adam@x1entertainment.com>
> **Date:** May 31, 2022 at 10:16:44 AM MST
> **To:** jkustom01@aol.com
> **Subject: Fwd: Piper Rockelle tour**

---------- Forwarded message ---------
From: **Ian Crawford** <ian@villageunderground.co.uk>
Date: Wed, Apr 20, 2022 at 7:27 AM
Subject: Piper Rockelle tour
To: adam greene <adam@x1entertainment.com>
Cc: Greg Phizacklea <greg@earthackney.co.uk>

Hi Adam,

I hope you are well.

I wanted to get in touch with some concerns we are having at Earth with regards to the Piper Rockelle shows coming up. We were recently made aware of the serious allegations and lawsuits against Piper's mother Tiffany Smith, which we find deeply disturbing. Although the allegations have not been made about Piper Rockelle herself, we feel the negative press and the allegations surrounding the family is something we want to distance from as a venue.

These concerns have led us to the decision to cancel the shows here at Earth in London this May. I understand this news will come as a huge disappointment. I wish we had been aware of this information earlier so we could have reviewed the booking and given you more notice.

I will wait to hear your thoughts with regards to the cancellation and how we approach the messaging to ticket holders.

Best,


EXHIBIT G

Ian

**Ian Crawford**
*Live Music Programmer*

**Village Underground**
54 Holywell Lane
London EC2A 3PQ
+44 (0) 020 7422 7505

*Website* / *Facebook* / *Twitter* / *Instagram* / *Mailing List*

**EartH**
11-17 Stoke Newington Road
London N16 8BH
+44 (0)  020 8167 2029

*Website* / *Facebook* / *Twitter* / *Instagram* / *Mailing List*

This e-mail is from Village Underground Limited | Registered Office: 54 Holywell Lane, London EC2A 3PQ | Registered in England & Wales | Company Registration Number 5234474 | VAT Registration Number 941707326

--
Adam Greene
Co-founder, VP of Talent and Events
X1 Entertainment
310.387.9800

X1

X1ENTERTAINMENT

Mailtrack

**From:** adam@x1entertainment.com,
**To:** jkustom01@aol.com,
**Subject:** Fwd: Rental Inquiry - Woodward Theater - Piper Rockelle
**Date:** Thu, Jun 9, 2022 6:54 pm

Joe here is the email chain with the venue. The first part of the chain is just basic booking information as it dates back to when I originally reached out to the venue to book the show. You can fast forward through all of it to the June 3 interaction where they reach out to me wanting to cancel the show. Let me know if you have any questions.

---------- Forwarded message ----------
From: **adam greene** <adam@x1entertainment.com>
Date: Sat, Jun 4, 2022 at 8:02 AM
Subject: Re: Rental Inquiry - Woodward Theater - Piper Rockelle
To: Chris Varias <chrisvarias@gmail.com>
Cc: Jorge Hernandez <jorge@stregagroup.com>, Peggy Iafrate <peggy@stregagroup.com>, <ken@ingberlawyers.com>

Adding everyone back in for visibility. Thank you, Chris.

The crew plans to load in at 8am tomorrow.

Sent from my iPhone

> On Jun 4, 2022, at 7:47 AM, Chris Varias <chrisvarias@gmail.com> wrote:
>
>
> Because you will not agree to cancel we will honor the terms of our agreement
>
> On Fri, Jun 3, 2022 at 11:08 PM adam greene <adam@x1entertainment.com> wrote:
> I am looping in Piper's managers, Peggy and Jorge, as well as her attorney, Ken, who is handling this case.
>
> Ken will provide a response ASAP.
>
> Sent from my iPhone
>
>> On Jun 3, 2022, at 7:35 PM, Chris Varias <chrisvarias@gmail.com> wrote:
>>
>>
>> Adam,

You just called my cell phone. I'm not picking up.

You can provide context in writing.

Chris

On Fri, Jun 3, 2022 at 10:33 PM Chris Varias <chrisvarias@gmail.com> wrote:
Adam,

No phone calls.

Please respond in writing here so I can have my attorney read it.

Chris

On Fri, Jun 3, 2022 at 10:29 PM adam greene <adam@x1entertainment.com> wrote:
We cannot agree to this. Can We hop on the phone and I can provide more context?

Sent from my iPhone

> On Jun 3, 2022, at 6:59 PM, Woodward Theater <woodwardtheater@gmail.com> wrote:

Adam,

I have Chris Varias, the owner of the Woodward Theater, copied. He wants to return your money and cancel the show in light of the disturbing allegations against Piper Rockelle's mom. Will you agree to this?

Duru

On Mon, Apr 4, 2022 at 10:01 PM Woodward Theater <woodwardtheater@gmail.com> wrote:
Sounds good!

On Mon, Apr 4, 2022 at 5:28 PM Adam Greene <adam@x1entertainment.com> wrote:

Let's officially lock in 6/5 as the rescheduled date. We will be
announcing it tomorrow. Thank you


Sender notified by
Mailtrack

On Thu, Mar 31, 2022 at 12:47 PM Woodward Theater
<woodwardtheater@gmail.com> wrote:
Nope not available :/

On Thu, Mar 31, 2022 at 1:44 PM Adam Greene
<adam@x1entertainment.com> wrote:
You said 6/11 was not available correct?


Sender notified by
Mailtrack

On Tue, Mar 29, 2022 at 11:42 AM Woodward Theater
<woodwardtheater@gmail.com> wrote:
Ha

On Tue, Mar 29, 2022 at 2:41 PM adam greene
<adam@x1entertainment.com> wrote:
Yes we definitely did. Its amazing how some people
dont read emails

Sent from my iPhone


On Mar 29, 2022, at 11:35 AM,
Woodward Theater
<woodwardtheater@gmail.com> wrote:



Sounds good! it is held – i have gotten a
couple inquiries about this Sunday, you
definitely let people know it has been
postponed?

On Tue, Mar 29, 2022 at 12:14 PM

Adam Greene
<adam@x1entertainment.com> wrote:
Hey Duru,

Between you and me, our new target
date is 6/5 so please hold that for us.
Just need a little more time to lock it
in and publically announce. All
buyers have been notified of the
postponement. Thank you.

Sender notified by
Mailtrack

On Fri, Mar 25, 2022 at 9:16 AM
adam greene
<adam@x1entertainment.com>
wrote:
Yes i told them not to ship already

Sent from my iPhone

On Mar 25, 2022, at
7:24 AM, Woodward
Theater
<woodwardtheater@gmail.com>
wrote:

hey!

can you cancel the
merch delivery if you
haven't yet? we have
limited storage!

Duru

On Thu, Mar 24, 2022
at 8:44 AM adam
greene

Fwd: Rental Inquiry – Woodward Theater – Piper Rockelle                                          6/10/22, 8:35 AM

<adam@x1entertainment.com>
wrote:
        8am pst. I apologize
        again ughhh

        Sent from my iPhone


                        On Mar
                        24,
                        2022, at
                        5:27
                        AM,
                        Woodward
                        Theater
                        <woodwardtheater@gmail.com>
                        wrote:



                        Hi
                        Adam,

                        I didn't
                        get your
                        message
                        till
                        late!
                        BUMMER.
                        What
                        time
                        should I
                        call
                        you?

                        Duru

                        On Wed,
                        Mar 23,
                        2022 at
                        9:09 PM
                        Adam
                        Greene
                        <adam@x1entertainment.com>
                        wrote:
                        : If you

can
give
me a
call
right
now
i'd
love
to talk
through
it. I'm
so
sorry
3103879800

Mailtrack

--
Adam
Greene
Co-
founder,
VP of
Talent
and
Events
X1
Entertainment
310.387.9800

--
sent
from
phone

--
sent from phone

Adam Greene
Co-founder, VP of Talent and Events
X1 Entertainment
310.387.9800

sent from phone

Adam Greene
Co-founder, VP of Talent and Events
X1 Entertainment
310.387.9800

sent from phone

Adam Greene
Co-founder, VP of Talent and Events
X1 Entertainment
310.387.9800

sent from phone

Sent from a telephone

Sent from a telephone

Sent from a telephone

Fwd: Rental Inquiry - Woodward Theater - Piper Rockelle

6/10/22, 9:35 AM

Adam Greene
Co-founder, VP of Talent and Events
X1 Entertainment
310.387.9800